UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FRANKIE FACHOU,
    Plaintiff,
v.

CITIBANK, NA
a foreign entity,
EXPERIAN INFORMATION SOLUTIONS, INC.
an Ohio corporation and
EQUIFAX INFORMATION SERVICES, LLC,
a Georgia corporation
    Defendants.
_____/

## COMPLAINT AND JURY DEMAND

**NOW COMES THE PLAINTIFF THROUGH COUNSEL, NITZKIN AND ASSOCIATES, BY GARY D. NITZKIN**, and for his Complaint against the Defendants, pleads as follows:

### JURISDICTION

1. Jurisdiction of this court arises under 15 U.S.C. §1681p.

2. This is an action brought by consumers for violation of the Fair Credit Reporting Act (15 U.S.C. §1681 et. seq [hereinafter "FCRA"] ).

# PARTIES

3. The parties to this lawsuit are:

    a. Frankie Fachou is the Plaintiff in this action.  He resides the City of Troy, Michigan in the County of Oakland  He is a "Consumer" as defined by the FCRA at 15 U.S.C. 1681a(c);

    b. CitiBank which is a foreign company that maintains registered offices in Sioux

Falls, South Dakota;

c. Equifax Information Services, LLC which is a Georgia company that maintains a registered agent in Ingham County and

d. Experian Information Solutions, Inc. ("Experian") which is an Ohio company that maintains as registered agent in Oakland County.

(Experian and Equifax are collectively referred to as "Credit Reporting Agencies" or CRAs".)

## VENUE

4. Venue is proper before this court pursuant to 28 U.S.C. 1391(b) as the Defendant conducts business in Michigan, have registered office in Michigan or a substantial part of the events or omissions giving rise to the claims herein occurred in Michigan.

## GENERAL ALLEGATIONS

5. This FCRA case involves Citibank obtaining Plaintiff's Experian and Equifax credit reports on or about October 16, 2012 without a federally permissible purpose as required by 15 U.S.C. 1682b.

6. Plaintiff has done business with Citibank because he had two Home Depot credit cards that were through it. However, one account was opened on or about May 12, 2009 and closed in October 2011 and the other account was opened on or about June 7, 2007 and closed in July 2010.

7. Plaintiff has had ongoing problems with his credit reports being merged with his brother's credit reports. Plaintiff's brother's name is Frisco Faik Fachou and they are 1.5 years apart in age.

8. In December 2013, Plaintiff obtained his three credit reports. At this time, there were not any trade lines on Plaintiff's credit reports that belonged to his brother.

9. However, Plaintiff noticed that Citibank NA obtained Plaintiff's Equifax and Experian credit reports on October 16, 2012. These reports showed a hard inquiry by Citibank on October 16, 2012.

10. On or about January 16, 2014, Plaintiff, through Michigan Consumer Credit Lawyers, sent Citibank a letter asking why they obtained Plaintiff's Experian and Equifax credit files on October 16, 2012.

11. On or about January 31, 2014, Plaintiff received a letter from Defendant. This stated, "We would like to help you, however, we are unable to determine the origin of the inquiry being disputed based upon the document(s) you have provided us. In order to assist you, please provide a copy of the inquiry section of your credit report which displays the disputed inquiries date, the company who placed the inquiry and their address."

**COUNT I: VIOLATION OF THE FCRA BY CITIBANK— NEGLIGENTLY AND/OR KNOWINGLY OBTAINING A CONSUMER REPORT WITHOUT A PERMISSIBLE PURPOSE**

12. Plaintiff incorporates the preceding paragraphs.

13. Plaintiff did not have any credit accounts with Citibank at the time that it pulled his credit reports.

3

14. Citibank did not have any federally permissible purpose as listed at 15 U.S.C. 1681b to obtain the Plaintiff's consumer credit reports from any credit reporting agency.

15. Citibank acted willfully and/or negligently in requesting and obtaining Plaintiff's credit report without a federally permissible purpose as required by 15 U.S.C. 1681b.

16. Citibank has therefore violated Plaintiff's rights under 15 U.S.C. §1681b(f).

**WHEREFORE, PLAINTIFF REQUESTS** that this Court enter judgment in his favor and against Citibank as follows:

a. pursuant to 15 U.S.C. § 1681n(a) (1) (B), award him actual or statutory damages, or $1,000 for each access of her credit report obtained by false pretenses, whichever is greater;

b. pursuant to 15 U.S.C. § 1681n(a) (2), award such punitive or exemplary damages as the Court deems appropriate;

c. pursuant to 15 U.S.C. § 1681n(a) (3), award costs of the action and reasonable attorney fees; or

d. pursuant to 15 U.S.C. § 1681o award him actual damages, plus costs, interest and attorneys' fees; and

e. grant such other and further relief as the court deems just and proper.

**COUNT II: VIOLATION OF THE FCRA BY CITIBANK – FALSELY CERTIFYING OR FAILING TO CERTIFY THE PURPOSE FOR WHICH THEY INTENDED TO USE PLAINTIFF'S CONSUMER CREDIT REPORTS.**

17. Plaintiff incorporates the preceding paragraphs.

18. Citibank was required to certify the purpose for which they intended to use the Plaintiff's consumer credit report in compliance with the FCRA at 15 U.S.C. 1681e.

19. Citibank never had any federally permissible purpose to obtain the Plaintiff's consumer credit report and hence, were never in a position to certify to any credit reporting agency that they had a right to pull her credit report for any reason.

20. Nevertheless, the Citibank obtained the Plaintiff's consumer credit reports.

21. Citibank either falsely certified to the credit reporting agencies that it had a federally permissible purpose for which to obtain the Plaintiff's consumer credit report or it failed to provide such certification as required by 15 U.S.C. 1681b(f)(2).

**WHEREFORE, PLAINTIFF REQUESTS** that this Court enter judgment in his favor and against Defendants as follows:

a.   pursuant to 15 U.S.C. § 1681n(a) (1) (B), award him actual or statutory damages, or $1,000 for each access of her credit report obtained by false pretenses, whichever is greater;

b.   pursuant to 15 U.S.C. § 1681n(a) (2), award such punitive or exemplary damages as the Court deems appropriate;

c.   pursuant to 15 U.S.C. § 1681n(a) (3), award costs of the action and reasonable attorney fees; or

d.   pursuant to 15 U.S.C. § 1681o award him actual damages, plus costs, interest and attorneys' fees; and

e.   grant such other and further relief as the court deems just and proper.

## COUNT III – INVASION OF FINANCIAL PRIVACY BY DEFENDANTS

22. Plaintiff incorporates the preceding paragraphs.

23. Plaintiff's credit information is private.  He has a right to privacy of that information as promulgated in the FCRA.

24. The Citibank, in contravention of the FCRA, obtained the Plaintiff's private credit information

25. The Defendant Credit Reporting Agencies, in contravention of the FCRA, released the Plaintiff's private credit information to persons and/or entities who had no federally permissible purpose for obtaining that information.

26. Plaintiff has been damaged by the Defendants' invasion of Plaintiff's private consumer credit information.

**WHEREFORE, PLAINTIFF REQUESTS** that this Court enter judgment in his favor and against defendants as follows:

a.   award him actual damages, costs, interest and attorneys' fees;

b.   declare and order that Defendants' conduct in obtaining his credit report without a permissible purpose is a violation of the FCRA;

c.   order preliminary and permanent injunctive relief enjoining and restraining Defendant from keeping or publishing the illegally obtained credit report(s), or requesting new reports; directing Defendant to return to Plaintiff all copies or abstracts of his consumer report or any information contained therein;  and

d.   grant such other and further relief as the court deems just and proper.

### COUNT IV - CREDIT REPORTING AGENCIES NEGLIGENTLY AND/OR WILLFULLY RELEASING THE PLAINTIFF'S CONSUMER CREDIT REPORT WITHOUT A PERMISSIBLE PURPOSE

27. Plaintiff incorporates the preceding paragraphs.

28. Plaintiff pleads this claim and Count V in the alternative.  If Citibank did not request the Plaintiff's credit report, then the CRAs delivered his credit report to Citibank without having a federally permissible purpose.

29. Experian and Equifax ("Defendant CRAs") may only release the Plaintiff's consumer credit report in accordance with 15 U.S.C. 1681b.

30. In violation of 15 U.S.C. 1681b, Defendant CRAs have released the Plaintiff's consumer credit report to Citibank in violation of this statute.

31. The Defendant CRAs did not have reason to believe that Citibank had any federally permissible purpose for obtaining the Plaintiff's consumer credit report.

32. Defendant CRAs are required to maintain reasonable procedures designed to avoid violations of the FCRA and to limit the furnishing of consumer reports for to the purposes listed under 15 U.S.C. 1681b.

33. Experian and Equifax have violated their respective duties to maintain such reasonable procedures as they released the Plaintiff's consumer credit report to Citibank which had never requested his report.

34. Defendant CRA's actions were either negligent or willful in improperly and illegally releasing the Plaintiff's consumer credit reports to Citibank which did not have, nor had it

ever certified to Defendant CRAs, that it had a federally permissible purpose for obtaining the Plaintiff's consumer credit report.

35. Plaintiff has suffered actual and/or statutory damages as a direct and proximate cause of the Defendant CRAs publishing and distributing her credit report to these third parties.

**WHEREFORE, PLAINTIFF REQUESTS** that this Court enter judgment in his favor and against Defendant CRAs as follows:

a. pursuant to 15 U.S.C. § 1681n(a) (1) (B), award him actual or statutory damages, or $1,000 for each release of his credit report to a user that was not in compliance with 15 U.S.C. 1681b, whichever is greater;

b. pursuant to 15 U.S.C. § 1681n(a) (2), award such punitive or exemplary damages as the Court deems appropriate;

c. pursuant to 15 U.S.C. § 1681n(a) (3), award costs of the action and reasonable attorney fees; or

d. pursuant to 15 U.S.C. § 1681o award his actual damages, plus costs, interest and attorneys' fees; and

e. grant such other and further relief as the court deems just and proper.

### JURY DEMAND

Plaintiff hereby demands a trial by Jury.

Respectfully submitted.

March 7, 2014          /s/ Gary Nitzkin
                       GARY D. NITZKIN (P 41155)
                       TRAVIS SHACKELFORD P68710
                       NITZKIN & ASSOCIATES
                       Attorneys for Plaintiff
                       22142 West Nine Mile Road
                       Southfield, MI 48033
                       (248) 353-2882
                       Fax (248) 353-4840
                       Email – gnitzkin@creditor-law.com