## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

FRANKIE FACHOU,

      Plaintiff,                      Case No. 2:14-cv-11028
                                      Honorable Lawrence P. Zatkoff
v.                                   Magistrate R. Steven Whalen

CITIBANK, NA,
a foreign entity,
EXPERIAN INFORMATION SOLUTIONS, INC.,
an Ohio corporation, and
EQUIFAX INFORMATION SERVICES, LLC,
a Georgia corporation,

      Defendants.
_____

### DEFENDANT EXPERIAN INFORMATION SOLUTIONS, INC.'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT AND JURY DEMAND

Defendant Experian Information Solutions, Inc. ("Experian"), through its counsel, hereby submits the following Answer and Affirmative Defenses in response to Plaintiff's Complaint and Jury Demand:

### JURISDICTION

1.    Admitted.

2.    Defendant admits that some of the allegations in the Complaint allege claims under the Fair Credit Reporting Act, but neither admits nor denies the appropriateness of such claims.  Defendant further denies

that there is more than one consumer bringing this action.

## PARTIES

3.   a.   Defendant lacks knowledge or information sufficient to form a belief regarding the truth of this allegation and leaves Plaintiff to his proofs.

      b.   Defendant lacks knowledge or information sufficient to form a belief regarding the truth of this allegation and leaves Plaintiff to his proofs.

      c.   Defendant lacks knowledge or information sufficient to form a belief regarding the truth of this allegation and leaves Plaintiff to his proofs.

      d.   Admitted.

## VENUE

4.   Defendant lacks knowledge or information sufficient to form a belief regarding the truth of this allegation and leaves Plaintiff to her proofs.

## GENERAL ALLEGATIONS

5.   Defendant lacks knowledge or information sufficient to form a belief regarding the truth of this allegation and leaves Plaintiff to his proofs.

6.      Defendant lacks knowledge or information sufficient to form a belief regarding the truth of these allegations and leaves Plaintiff to his proofs.

7.       Defendant lacks knowledge or information sufficient to form a belief regarding the truth of these allegations and leaves Plaintiff to his proofs.

8.      Defendant admits that in December of 2013, Defendant obtained a copy of his Experian consumer disclosure.  Defendant can neither admit nor deny the remaining allegations.

9.      Defendant Experian admits only that Plaintiff's December 2013 consumer disclosure reflected a hard inquiry from Citi Cards/Citibank on October 16, 2012.  Defendant can neither admit nor deny the remaining allegations.

10.      Defendant lacks knowledge or information sufficient to form a belief regarding the truth of this allegation and leaves Plaintiff to his proofs.

11.      Defendant lacks knowledge or information sufficient to form a belief regarding the truth of these allegations and leaves Plaintiff to his proofs.

3

## COUNT I

**VIOLATION OF THE FCRA BY CITIBANK – NEGLIGENTLY AND/OR KNOWINGLY OBTAINING A CONSUMER REPORT WITHOUT A PERMISSIBLE PURPOSE**

12.     Defendant restates its prior responses as though set forth herein.

13.     This claim is not made against this Defendant and, therefore, no response is required.

14.     This claim is not made against this Defendant and, therefore, no response is required.

15.     This claim is not made against this Defendant and, therefore, no response is required.

16.     This claim is not made against this Defendant and, therefore, no response is required.

## COUNT II

**VIOLATION OF THE FCRA BY CITIBANK – FALSELY CERTIFYING OR FAILING TO CERTIFY THE PURPOSE FOR WHICH THEY INTENDED TO USE PLAINTIFF'S CONSUMER CREDIT REPORTS**

17.     Defendant restates its prior responses as though set forth herein.

18.     This claim is not made against this Defendant and, therefore, no response is required.

19.     This claim is not made against this Defendant and, therefore, no response is required.

4

20.     This claim is not made against this Defendant and, therefore, no response is required.

21.     This claim is not made against this Defendant and, therefore, no response is required.

## COUNT III

## INVASION OF FINANCIAL PRIVACY BY DEFENDANTS

22.     Defendant restates its prior responses as though set forth herein.

23.     Defendant can neither admit nor deny this allegation as pled. Defendant admits that the FCRA contains provisions to safeguard the dissemination of consumer credit information.

24.     Defendant lacks knowledge or information sufficient to form a belief regarding the truth of this allegation and leaves Plaintiff to his proofs.

25.     Defendant denies that Experian acted in contravention of the FCRA as alleged herein.   As to whether Co-Defendant Citi had a federally permissible purpose to obtain Plaintiff's credit information, Defendant lacks knowledge or information sufficient to form a belief regarding the truth of this allegation and leaves Plaintiff to his proofs.

26.     Defendant denies that its actions have resulted in any damage to this Plaintiff.

WHEREFORE, Defendant Experian requests that this claim be dismissed in its entirety against Experian as it does not state a cognizable claim and is otherwise preempted by the FCRA.  Defendant further requests all such costs and fees deemed appropriate by this Court.

## COUNT IV

### CREDIT REPORTING AGENCIES NEGLIGENTLY AND/OR WILLFULLY RELEASING THE PLAINTIFF'S CONUMER CREDIT REPORT WITHOUT A PERMISSIBLE PURPOSE

27. Defendant restates its prior responses as though set forth herein.

28. Defendant denies that Plaintiff has pled a Count V.  Defendant denies this allegation as same is untrue.  Citi did request Plaintiff's credit report on October 16, 2012.

29. Defendant admits that 15 U.S.C. 1681b sets forth the circumstances under which the CRAs may issue a consumer report.

30. Defendant denies this allegation as same is untrue.  Defendant Citi represented to Experian that it had a permissible purpose for seeking Plaintiff's consumer report on October 16, 2012.

31. Defendant denies this allegation as same is untrue.  Citi represented to Experian that it had a permissible purpose for its request for Plaintiff's consumer report on October 16, 2012.

32.   Defendant admits that such duties exist to the extent they are reflected within the FCRA.

33.   Defendant denies this allegation as same is untrue. Defendant Citi did request that Experian provide it Plaintiff's consumer report on October 16, 2012 and did represent that it had a permissible purpose for making the request.

34.   Defendant denies this allegation as same is untrue. Defendant affirmatively represents that Defendant Citi requested the Experian consumer report on October 16, 2012 and indicated it had a permissible purpose for doing so.

35.   Defendant lacks knowledge or information regarding any alleged damages suffered by Plaintiff, but denies that any damages were caused by Experian. Defendant Experian's actions were in full compliance with its duties under the FCRA.

WHEREFORE, Defendant requests that this claim be dismissed in its entirety and that Defendant be awarded all such costs and fees as deemed appropriate by this Court.

Respectfully submitted,

WILLIAMS, WILLIAMS, RATTNER
& PLUNKETT, P.C.

_____/s/ Tamara E. Fraser_____
Tamara E. Fraser (P51997)
Attorneys for Defendant Experian
 Information Solutions, Inc.
380 N. Old Woodward Avenue, Suite 300
Birmingham, Michigan  48009
(248) 642-0333
DATED:  April 23, 2014           tefraser@wwrplaw.com

## AFFIRMATIVE DEFENSES

Defendant Experian Information Solutions, Inc. submits the following as its list of affirmative defenses in this matter:

1.    Plaintiff's Complaint fails to state a claim against Defendant Experian Information Solutions, Inc. upon which relief can be granted.

2.    Defendant Experian has at all times complied with the Fair Credit Reporting Act.

3.    Defendant Experian's procedures were reasonable and it complied with its duties under the FCRA.

4.    The information which Defendant Experian reported on Plaintiff's credit report was true or substantially true.

8

5.      Plaintiff has failed to properly mitigate his damages, if any.

6.      Plaintiff's damages, if any, were caused by the actions of others and

not Experian Information Solutions, Inc.

7.      Plaintiff's own actions have contributed to his damages, if any.

8.      Count III of Plaintiff's Complain is preempted by the FCRA.

9.      Defendant Experian relies upon all affirmative defenses asserted by

co-Defendants.

10.      Defendant Experian reserves the right to supplement its affirmative

defenses in the event other information becomes available during

discovery or otherwise.

Respectfully submitted,

WILLIAMS, WILLIAMS, RATTNER
& PLUNKETT, P.C.

_____/s/ Tamara E. Fraser_____
Tamara E. Fraser (P51997)
Attorneys for Defendant Experian
 Information Solutions, Inc.
380 N. Old Woodward Avenue, Suite 300
Birmingham, Michigan  48009
(248) 642-0333
DATED:  April 23, 2014            tefraser@wwrplaw.com

9

## **CERTIFICATE OF SERVICE**

I, Tamara E. Fraser, hereby certify that on the 23rd day of April, 2014, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will automatically send notification of such filing to:

Gary D. Nitzkin, Esq.

Travis Shackelford, Esq.


_____/s/ Tamara E. Fraser_____
Tamara E. Fraser (P51997)
Williams, Williams, Rattner
 & Plunkett, P.C.
Attorneys for Defendant Experian
 Information Solutions, Inc.
380 N. Old Woodward Avenue, Suite 300
Birmingham, Michigan  48009
(248) 642-0333
tefraser@wwrplaw.com

10